*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELISSA MARIE RILEY,

       Plaintiff-Appellant,

UNPUBLISHED
April 4, 2024

v

No. 367366
Lapeer Circuit Court
LC No. 17-050872-DS

RYAN SCOTT GRAVES,

       Defendant-Appellee.

Before: CAVANAGH, P.J., and JANSEN and MALDONADO, JJ.

JANSEN, J. (*dissenting*).

For the following reasons, I respectfully dissent. This is a complicated matter concerning the custody of an 11-year-old child who was born male but identifies as female. I would affirm the trial court's order denying plaintiff-mother's motion for sole legal custody and to terminate or restrict defendant-father's parenting time; the trial court properly ordered various services for the benefit of the child in conjunction with its order denying mother's requested relief.

A trial court's orders and judgments in a child-custody matter must be affirmed "unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. We review the trial court's factual findings to determine if they are against the great weight of the evidence. *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000). We review for an abuse of discretion any discretionary rulings. *Id.* And we review for clear legal error any questions of law. *Id.* We review for an abuse of discretion a trial court's determination on the issues of custody and parenting time. *Maier v Maier*, 311 Mich App 218, 221; 874 NW2d 725 (2015). In a child-custody matter, "[a]n abuse of discretion is found only in extreme cases in which the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will or the exercise of passion or bias." *Rains v Rains*, 301 Mich App 313, 324; 836 NW2d 709 (2013) (quotation marks and citations omitted). Consideration of the best-interests factors underlying a custody determination are factual. *Fletcher v Fletcher*, 447 Mich 871, 879; 526 NW2d 889 (1994). "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019).

I disagree with the majority opinion's conclusion that the trial court made best-interest findings that were against the great weight of the evidence and abused its discretion by not granting mother sole legal custody. Mother sought to significantly alter the child's custodial environment with both parents and was required to establish by clear and convincing evidence that this significant change was in the child's best interests. *Kubicki v Sharpe*, 306 Mich App 525, 540; 858 NW2d 57 (2014). The trial court made thorough and complete findings regarding the best-interest factors mother challenges on appeal, MCL 722.23(c) and (*l*),[1] which were not against the great weight of the evidence. Factor (c) concerns "[t]he capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs," and factor (*l*) is the catch-all factor, including "[a]ny other factor considered by the court to be relevant to a particular child custody dispute." MCL 722.23(c), (*l*).

The trial court found the parties equal in relation to factor (c) and did not expressly weigh factor (*l*) in either party's favor. The record evidence demonstrates that both parents want to help the child, but they do not agree on the best course of action. Even though the parties had yet to consult with the pediatric endocrinologist, mother was convinced puberty blockers were in the child's best interests and father was convinced they were not. The trial court heard the expert testimony regarding hormone treatment, and it was not persuaded. "In reviewing the trial court's factual findings, we defer to the trial court's credibility determinations." *Safdar v Aziz*, 342 Mich App 165, 176; 992 NW2d 913 (2022). Additionally, "the 'against the great weight of evidence' standard of MCL 722.28 accords deference to the superior fact-finding ability of the trial court; an appellate court may not substitute its judgment for that of the trial court on questions of fact unless the evidence clearly preponderates in the opposite direction." *Berger v Berger*, 277 Mich App 700, 707; 747 NW2d 336 (2008) (quotation marks, citations, and alteration omitted). The majority appears to substitute its judgment for that of the trial court by suggesting that the trial court should have given more deference to the opinions of the expert—this is improper. *Id*.

Ultimately, the court ordered additional therapeutic services to address the parties' concerns and father volunteered to give up parenting time unless the child wanted to come to his house. The court ordered the parties to attend a consultation with the pediatric endocrinologist, which should have occurred by now. It would have been premature for the trial court to order the parties to follow the doctor's recommendations based on conjecture of what those recommendations would be, and that the parties would disagree. Thus, I do not believe that the trial court erred in its weighing of the best-interest factors or that it abused its discretion in denying mother relief in full, and I would have affirmed the trial court's order on appeal.

/s/ Kathleen Jansen

---

[1] I agree with the majority's conclusion that there was no error in the trial court's consideration of factor (i).